UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-cv-22970-JLK

YESY MOLINA,

    Plaintiff,

vs.

MONTOYA HOLDINGS, INC., *et al.*,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendants' Motion for Final Summary Judgement (DE #18), filed May 7, 2012. Therein, Defendants seek summary judgment on all counts. The Court is fully briefed in the matter.[1] Upon careful consideration of the uncontested facts in the record and the arguments set forth in the Parties' briefs, the Court finds that genuine issues of material fact preclude summary judgment.

### I. Background

In the above-styled action, Plaintiff Yesy Molina ("Molina"), who worked as a food preparer for Defendants, seeks damages for Defendants' alleged failure to pay overtime wages and failure to pay minimum wages. Plaintiff is suing Defendants under

---

[1] Plaintiff filed a Response (DE #19) on May 21, 2012, to which Defendants replied (DE #20) on May 29, 2012.

the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), the Florida Constitution, Article X, § 24, and the Florida Minimum Wage Act, Fla. Stat. § 448.110. Specifically, Plaintiff Molina claims that she worked between 70 and 75 hours a week for Defendants from March 2010 through June 17, 2011, while being paid $400.00 a week for all hours worked. (Compl., DE #1, ¶¶ 8, 9). Defendants have denied all claims and have filed this instant Motion for Summary Judgment. (Ans., DE #7; Defs.' Mot. Summ. J., DE #18). The following facts are undisputed.

Defendant Carlos Montoya, an officer and shareholder of Montoya Holdings who maintains operational control of the business, is an employer under the FLSA. Defendant Montoya Holdings, Inc. is a Florida corporation that does business as Pelota Cafe and Pizzeria and as Healthy Children Catering, Inc. Montoya Holdings prepares, packages and delivers food to Miami-Dade County Public Schools and adult care facilities in Miami-Dade County, Florida. Plaintiff worked for Defendants as a food preparer. Defendants admit paying Plaintiff $400.00 a week for her work.

## II. Legal Standard

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323–24.

2

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact."). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

### III. Analysis

The Parties dispute the dates Plaintiff worked for Defendants, the number of hours Plaintiff worked each week for Defendants, and whether Plaintiff was paid by cash or check. After over eight months of discovery, the evidence on record in this case consists solely of four affidavits: 1) the Affidavit of Defendant Carlos Montoya (DE #18-1); 2) the Affidavit of Javier Pena, Plaintiff's immediate supervisor during her employment (DE #18-2); 3) the Affidavit of David Candelario, an employee of Defendants' who worked the same job as Plaintiff (DE #18-3); and 4) the Affidavit of Plaintiff Yesy Molina (DE #19-1). No other sworn testimony appears on the record, nor have Defendants come

forward with time records or pay records from Plaintiff's employment. Unsurprisingly, the affidavits offered by Defendants support Defendants' contention that Plaintiff never worked over forty hours in any work week, while the Affidavit of Yesy Molina supports Plaintiff's claims.

This presents the Court with a case of competing affidavits. Defendants argue, "the affidavits Defendants have submitted – in particular those of Plaintiff's immediate supervisor and of the co-employee who did the exact same job as Plaintiff and worked the exact same hours as Plaintiff – establish consistently that all of Defendants' food preparation employees worked the exact same schedule each work week," which would total 37.5 hours each week. (DE #20, at 3). Defendants contend that Plaintiff has not presented the Court with any credible or admissible evidence to contradict Defendants' affidavits. *Id.* Plaintiff's affidavit, however, is admissible evidence. In her Affidavit, Plaintiff states that she worked between 70 and 75 hours each week from March 2010 through June 17, 2011, did not have a meal break, was paid initially in cash and subsequently by check, and never received the time records and pay records requested from Defendants. (Pl.'s Aff., DE #19-1, ¶¶ 4–7).

The basic issue before the Court on a motion for summary judgment is "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen, Inc.*, 121 F.3d at 646 (quoting *Anderson*, 477 U.S. at 251–52)). Here, the Court has no evidence on record except for four affidavits. The FLSA requires an employer to make, keep and preserve

records of the hours worked and wages paid to each employee, but Defendants in this case have not produced any time records or pay records. 29 U.S.C. § 211(c); 29 C.F.R. § 516. Resolving the factual questions surrounding Plaintiff's work dates, work hours, and payment method would require the court to weigh the evidence presented by both Parties, and to make credibility determinations as to the witnesses. The Court is not permitted to weigh the evidence or pass on the credibility of witnesses when ruling on a motion for summary judgment. To do so would be an impermissible invasion of the province of the jury. Therefore, genuine issues of material fact preclude summary judgment.

## IV. Conclusion

Accordingly, having considered the Parties' filings and being otherwise advised, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1. Defendants' Motion for Final Summary Judgement **(DE #18)** be, and the same is hereby, **DENIED**.

2. The case will proceed to trial pursuant to the Court's September 30, 2011 Scheduling Order (DE #8).

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 12th day of June, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:

**Counsel for Plaintiff**

**Jeffrey Ira Jacobs**
Malca & Jacobs
Sunset Station Plaza
5975 Sunset Drive
Suite 801
South Miami, FL 33143
305-662-5500
Fax: 666-7512
Email: jjacobs@malcaandjacobs.com

**Counsel for Defendants**

**Roderick Victor Hannah**
Roderick V. Hannah, Esq., P.A.
4120 Davie Road Extension
Suite 303
Davie, FL 33024
954-895-3402
Email: rhannah@rhannahlaw.com